IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MICHAEL CUEVAS, | § | |
| TDCJ No. 579522, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-10-CV-266-KC |
| | § | |
| RICK THALER,[1] Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Michael Cuevas ("Cuevas") challenges the denials of his multiple motions to reopen his mandatory supervision revocation hearing by the Texas Board of Pardons and Paroles ("the Board") through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 [ECF No. 1].[2] In his answer [ECF No. 7], Respondent Rick Thaler ("Thaler") asserts that Cuevas's claims not only remain unexhausted, but also lack merit. In his reply [ECF No. 11], Cuevas argues his claims "should be judged in the light of reason drawn from the consideration of fairness . . . when appeal is made to 'due process.'"[3] For the reasons discussed below, the Court concludes that Cuevas is not entitled to § 2254 relief. The Court will accordingly dismiss his petition. The Court will additionally deny Cuevas a certificate of appealability.

---

[1] Although Cuevas named the Texas Board of Pardons and Paroles as Respondent in this matter, the rules governing § 2254 cases provide that "[i]f the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody." 28 U.S.C.A. § 2254 PROC. R. 2(a) (West 2011). Rick Thaler, as the Director of the Correctional Institutions Division for the Texas Department of Criminal Justice, currently exercises custody over Cuevas.

[2] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-10-CV-266-KC.

[3] Pet'r's Reply 4.

# BACKGROUND AND PROCEDURAL HISTORY

On March 4, 1991, Cuevas pleaded guilty to burglary of a habitation in two separate cases in the 120th District Court of El Paso County, Texas. The trial judge accepted his pleas and sentenced him to twenty-one years' imprisonment in each case, to run concurrently.[4] On multiple occasions thereafter, the Board released Cuevas to mandatory supervision only to later revoke his supervision and return him to prison.

Relevant to this petition, on March 8, 2007, the Board released Cuevas to mandatory supervision. Over two years later, on May 7, 2009, Cuevas admitted to a parole officer that he had violated the terms of his release by failing to wear a required electronic monitoring ankle transmitter. Cuevas also waived his right to a revocation hearing. Then, on May 21, 2009, the Board voted to revoke his mandatory supervision for failing to participate in an electronic monitoring program and failing to wear the required ankle transmitter. Cuevas subsequently submitted multiple motions to reopen the revocation hearing, which the Board denied.

Cuevas previously filed a petition in this Court attacking the Board's denials of his motions to reopen the revocation hearing.[5] The Court dismissed the petition without prejudice after noting that Cuevas had failed to exhaust his state remedies.[6] Cuevas then filed two state applications for a writ of habeas corpus on May 10, 2010, which the Texas Court of Criminal Appeals ("CCA") dismissed on June 30, 2010, as noncompliant with Texas Rule of Appellate Procedure 73.1.[7] This proceeding followed on July 21, 2010.

---

[4] *See State v. Cuevas*, Cause Nos. 59984 and 59985 (120th Dist. Ct., El Paso County, Tex. Mar. 4, 1991).

[5] *See Cuevas v. Texas Bd. of Pardons & Paroles*, EP-10-CA-121-FM (W.D. Tex. Apr. 15, 2010).

[6] *Id.*

[7] *Ex parte Cuevas*, WR-65,262-04, WR 65,262-05 (Tex. Crim. App. June 30, 2010).

Mindful of Cuevas's *pro se* status, the Court construes his instant petition liberally.[8] The Court understands him to assert that the Board abused its discretion, violated his due process rights, acted in bad faith, and denied him the right to appeal when it rejected his requests to reopen his parole revocation hearing after he waived his right to such a hearing.[9] Cuevas seeks a seventeen-month reduction to his maximum discharge date.[10]

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[11] and the writ of habeas corpus is "an extraordinary remedy"[12] reserved for those petitioners whom "society has grievously wronged."[13] It "is designed to guard against extreme malfunctions in the state criminal justice system."[14] Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[15] They must generally defer to state court decisions on the merits[16] and on

---

[8] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

[9] Pet'r's Pet. 7–8.

[10] Pet'r's Mem. in Supp. 9 [ECF No. 1-2].

[11] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[12] *Id.*

[13] *Id.* at 634.

[14] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[15] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[16] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

procedural grounds.[17] They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[18] Thus, a federal court should deny a claim decided by a state court on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[19]

As a prerequisite to obtaining § 2254 relief, a prisoner must exhaust all remedies available in the state system.[20] This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[21] It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[22]

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition

---

[17] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[18] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[19] 28 U.S.C.A. § 2254(d) (West 2011).

[20] *Id*. § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

[21] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

[22] *Ex Parte Royall,* 117 U.S. 241, 251 (1886).

in federal court.[23] In Texas, the CCA is the highest court for criminal matters.[24] Thus, a Texas prisoner may satisfy the exhaustion requirement only by presenting both the factual and legal substance of his claims to the CCA in either a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07 or a petition for discretionary review.[25] When the CCA "denies" a claim, this is considered an adjudication on the merits.[26] However, when the CCA "dismisses" a claim, the CCA has declined to consider the claim for reasons unrelated to its merits.[27] As a result, when a claim presented in a federal petition has previously been dismissed by the CCA, it remains unexhausted because the State has never reviewed the claim on its merits.

**ANALYSIS**

Cuevas presented the claims raised in the instant petition in two state writs, but the CCA dismissed them both because Cuevas failed to comply with Texas Rule of Appellate Procedure 73.1. Although Cuevas may dispute the CCA's action, claims of state court procedural error are not cognizable on federal habeas review.[28] Furthermore, Cuevas has never sought relief through

---

[23] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

[24] *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

[25] *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908–09 (5th Cir. 1998).

[26] *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *see also Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("[I]n our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim.").

[27] *See Ex parte Torres*, 943 S.W.2d at 472 ("[I]n our writ jurisprudence . . . a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").

[28] *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.").

a petition for discretionary review.²⁹ Thus, Cuevas has not presented his claims in a procedurally proper manner to the state's highest court. He has not "exhausted the remedies available in the courts of the State."³⁰ Although dismissal of his petition for lack of exhaustion is therefore warranted, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."³¹ Accordingly, the Court will address the merits of Cuevas's claims.

Parole revocation proceedings are not criminal proceedings.³² The minimum due process requirements for such proceedings include (1) written notice of the alleged parole violations; (2) disclosure to the parolee of the evidence against him; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) the conditional right to cross-examine and confront witnesses; (5) a neutral decision maker; and (6) a written statement as to the evidence relied upon and the reasons for revoking parole.³³ As long as the proceedings meet these six requirements, the parolee has received federal constitutional due process.

Cuevas concedes that he waived his right to a hearing.³⁴ Thus, he cannot show that the Board violated the federal constitutional due process required in a mandatory supervision revocation hearing. Further, the Court notes that due process does not require the Board to

---

²⁹ Pet'r's Pet. 3.

³⁰ 28 U.S.C. § 2254(b)(1)(A).

³¹ *Id.* § 2254(b)(2).

³² *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). ("[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.").

³³ *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *Morrissey*, 408 U.S. at 488-89.

³⁴ Pet'r's Mot. in Supp. 3.

reopen a hearing.  Although Cuevas presents evidence that Board policies permit reopening cases for substantial errors in the revocation process or newly discovered evidence,[35] violations of internal parole regulations do not raise federal constitutional issues.[36]  As reopening a revocation hearing is not a due process right, but a discretionary determination by the Board, Cuevas's challenge to the Board's denials of his motions to reopen fails to state a cognizable federal habeas claim.

Thus, Cuevas cannot show that the Board's decisions to deny his multiple motions to reopen his mandatory supervision revocation hearing were contrary to, or involved an unreasonable application of, clearly established federal law.  Accordingly, the Court concludes that Cuevas may not receive § 2254 relief.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[37]  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[38]  In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby

---

[35] Pet'r's Pet. Ex C.

[36] *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("Our case law is clear, however, that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("The claim is that the mere failure of the [Texas Department of Corrections] officials to follow their regulations was a constitutional violation.  There is no such controlling constitutional principle.").

[37] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[38] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

limiting appellate review solely to those issues on which a certificate of appealability is granted.[39] Although Cuevas has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[40]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[41] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[42] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[43] Here, Cuevas is not entitled to a certificate of appealability because reasonable jurists would not find the Court's procedural or substantive rulings debatable.

**CONCLUSION AND ORDERS**

After carefully reviewing the record, and for the reasons stated above, the Court concludes that Cuevas is not entitled relief under 28 U.S.C. § 2254. Accordingly, the Court will

---

[39] *See* 28 U.S.C.A. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[40] *See* 28 U.S.C.A. 2254 Proc. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[41] 28 U.S.C.A. § 2253(c)(2).

[42] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[43] *Id*.

enter the following orders:

1. The Court **DISMISSES WITH PREJUDICE** Petitioner Michael Cuevas's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1].

2. Further, the Court **DENIES** Petitioner Michael Cuevas a **CERTIFICATE OF APPEALABILITY**.

3. Finally, the Court **DISMISSES AS MOOT** all pending motions in this cause, if any**.**

**SO ORDERED.**

**SIGNED** this 30th **day of September 2011.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE